**SCHENLEY INDUSTRIES, Inc. v. INSTITUTIONAL PRODUCTS CORP. (Paramount Surgical Supply Co., defendant and third party plaintiff et al.)**

United States District Court,
S. D. New York.
May 6, 1954.

Hill, Rivkins, Middleton, Louis & Warburton, New York City (Joseph T. McGowan, New York City, of counsel), for plaintiff Schenley Industries, Inc.

Irving J. Linder, New York City, for defendant Frankel & Frankel, Inc.

Jerome E. Leon, New York City, for defendant Institutional Products Corp.

Jacob S. Schulman, New York City, for defendant Paramount Surgical Supply Co.

Stanley M. Lazarus, New York City, for defendant E. A. George Co. Inc.

Herbert C. Krusberg, New York City, for defendant Irving Goldstein.

DIMOCK, District Judge.

■ Plaintiff moves pursuant to Rule 37, F.R.C.P., 28 U.S.C., for an order compelling defendant Paramount Surgical Supply Company to answer certain inquiries addressed to one of its partners on oral deposition and awarding to plaintiff reasonable attorneys' fees and expenses incurred in obtaining the order. Plaintiff also moves under Rule 37, F.R.C.P. for an order compelling defendant Institutional Products Corporation (hereinafter referred to as IPCO) to answer certain questions addressed to "one of its officers" on oral deposition. Counsel for defendant IPCO states in his answering affidavit that the "officer" in question, Harry P. Schwarzman, is at present only a director of IPCO and has not been an officer of that corporation since December 31, 1953. Therefore, the order sought against defendant IPCO should, if issued, be directed to Mr. Schwarzman since he is not under the control of defendant IPCO. Since counsel for IPCO appears to have represented Mr. Schwarzman at the oral examination and does not raise any objection of lack of notice of this motion to Mr. Schwarzman, the order, if issued, may be addressed to the deponent Schwarzman.

This is an action for the conversion of certain penicillin drugs which were stolen from plaintiff. During August and/or September 1950, defendant Paramount Surgical Supply Company purchased a quantity of these drugs and sold some to defendant IPCO which, in turn, sold a portion of the drugs to its customers.

■■ The motion against defendant Paramount raises the issue of the propriety of two of the four lines of questioning involved in the motion against Mr. Schwarzman. Both deponents were questioned about the market price of penicillin at the time their companies sold the converted drugs and about the prices which their own companies had charged at that time. Plaintiff contends,

that the market value of the penicillin at the time of its conversion is the measure of damages and that both of these lines of inquiry are relevant to the issue of market value. Defendants contend that this is an improper attempt to turn unqualified witnesses into expert witnesses. In view of the deponents' close connection with the transactions involved and their experience in the drug business as revealed in their pre-trial examinations, this objection seems frivolous. If the deponents do not know the answers to these questions, they can simply say so. The motion against defendant Paramount is granted. The request for an award of attorneys' fees was withdrawn on the argument.

Mr. Schwarzman further refused to reveal the identity of the customers of IPCO who purchased the type of penicillin stolen from plaintiff during the fall of 1950, and the names of the customers who returned such drugs at the request of defendant IPCO. These inquiries are objected to on the ground that the questions were not clearly limited to the penicillin to which plaintiff asserts title and that, although the merchandise was branded, IPCO's records do not disclose the source of individual sales of penicillin; further, that communications to its customers about stolen goods will greatly damage IPCO's business reputation. Finally, the same objection is made that was rejected above, that the purpose of locating customers is to inquire about sales price and that sales price is irrelevant to the issue of market value.

If IPCO has no basis for distinguishing sales of plaintiff's drugs from sales of other similar drugs during the fall of 1950, there is no point in limiting questions to penicillin obtained from plaintiff. The question will therefore stand as framed. If IPCO cannot supply plaintiff with its sales price for plaintiff's penicillin, plaintiff is entitled to inquire of those who perhaps can. Sales price is some evidence of market value. Fur-

thermore, sales price, if significantly lower than the prevailing market price, may be relevant on the issue of the wilfulness of the conversion. Although customers' names are not absolutely privileged, where disclosure may cause serious damage, defendant IPCO is entitled to some protection. Balancing plaintiff's needs against IPCO's, I reject the plea that there be no disclosure but do no more than direct Mr. Schwarzman to disclose the identity of three of the customers in each of the two categories sought, without prejudice to a later application by plaintiff for fuller disclosure. Plaintiff has agreed not to disclose the fact that certain persons have been named as IPCO's customers except that it may reveal to each customer the source of the information as to him.

Motion for order addressed to Mr. Schwarzman granted in part and denied in part.

Settle order on notice.